on the argument calendar 22-709, Quinn v. City of New York. Attorney Marmer, am I saying that right? Yes, Your Honor. Okay, you've reserved two minutes for rebuttal. You may proceed when you're ready. Good morning, Your Honors. May it please the Court. My name is Nathaniel Marmer and I represent Plaintiffs Appellants Francis and Lori Quinn in this appeal. Your Honor, this Court has repeatedly said that judicial estoppel only applies when the risk of inconsistent verdicts is certain. And that did not occur here. There are two or three elements, depending on how one wants to define them, of judicial estoppel. The District Court erred in applying each of those three. The first is whether there was an inconsistent factual position in the two suits. There clearly wasn't. We have set forth in our brief transcripts exactly what Mr. Quinn testified to. He consistently testified... Don't you have to be ignorant of the first settlement? Don't you have to be ignorant of the first settlement in order to believe the second complaint? I'm sorry, do you have to be ignorant of the first? Of the first settlement, right, when he got $2.5 million from Carnage. You have to be ignorant of that to believe the allegations in the second complaint, correct? I'm not sure... Well, he doesn't mention it, right? He neglects to mention it. The conduct of the attorney, I was not the attorney below, in failing to disclose in the second action at the outset and in the interrogatories that there had been a previous action was certainly conduct that was less than estimable. He was trying to pull a fast one. He was trying to mislead the city. And there's sanctions on hold while we decide this, right? That's what I was about to address, Your Honor. There are sanctions proceedings below. There was an order to show cause issued. Against who? I'm sorry? Against who? Against the plaintiff's counsel. Those proceedings, initially Judge Buchwald did not stay them. And then after we perfected the appeal, she sui sponte stayed those proceedings pending the outcome of this case. However, having said all that, there were two judicial decisions. That's the point you're making about judicial estoppel. Isn't that correct? I think the clearest example of a missing element here is the fact that there was no judicial adoption of any facts at all. The first case was mediated, settled. There was no determination by Magistrate Judge Aaron of any facts. So adoption is required under our law. Correct. I mean, there's been Supreme Court cases since, which suggests maybe some relaxing, but we've got cases that make it a required factor. Subsequent. Subsequent. Yes, Your Honor. And we have binding precedent that says settlement can't lead to adoption. Correct. I understand a slightly more nuanced argument here and tell me why it's wrong, which is it's not the settlement we're pointing to. It's the magistrate judge's acceptance of the factual assertions that led him to recommend a particular settlement for a certain dollar amount. And the only reason you could conceive of him doing that would be in accepting Con Ed's responsibility based on the factual assertion that it's a trip over the cap. Why is that wrong? Why isn't that different than just looking at the fact of settlement? Okay. And I won't, again, argue the first point, which is I don't believe there was an inconsistent factual statement at all. I understand. But to look behind that curtain would pierce the veil of confidentiality, which I think is clear that these proceedings were entitled to. But in any event, just because there was a substantial settlement doesn't mean that there was full recompense for the injuries. And for all we know, Magistrate Judge Aaron may have said to Con Ed, look, I don't think a plaintiff has the strongest case here, but you're a utility. Juries don't like you necessarily. They're asking for $9 million. There's a substantial risk here. Those are the kinds of factors that go into any settlement. And just because the case was mediated by a judge, to have a rule that we can, because of the amount of that settlement, now make a determination that there was a judicial adoption would, quite frankly, discourage parties from entering into participating in magistrate or any judicial settlement procedures. And, in fact, there are times when district judges direct the parties to go to a judicially monitored. Why wasn't the city joined in case number one? The city, there was no requirement whatsoever for the plaintiff to join the city in case number one. So then the lawyer in case number one was anticipating an action against the city, but decided not to join him? The lawyer decided not to join. There was disclosure that there was a notice of claim, which was sufficient disclosure. Then why did the lawyer state falsely to the court that there was no similar proceeding? Now I think we're talking about case two. If I can answer the first question. Correct. We're talking about the cover sheet. Can I just answer the first question about strategy? Answer them both, please. Thank you. Either order you want. Thank you, Your Honor. Sure. As to the first, that's a strategic decision, and it was a sensible decision, because- Why? Well, Con Edison, the plaintiff suffered severe injuries. He lost his ability to play golf. He lost his income. He had to mortgage or take a loan out against his house. He had a need for immediate money. The litigation, the case against Con Ed, plaintiff's attorney determined, was an easier case, because under 2-07- It was an easier case because the law made Con Ed plainly liable for that injury if it occurred the way he said it occurred. Correct. And that made a quicker settlement more likely. And that is why if the city had been joined, the plaintiff determined, plaintiff's counsel determined, that there would have been a much more prolonged litigation as the two parties would be there. He understood that the city- Could have settled Con Ed quickly. He did, but- Right, but if he joined the city, that doesn't prevent settlement with one of the defendants. No, but plaintiff's counsel's determination was that with having two parties, and particularly the city, that the litigation would be much more drawn out, that the two parties would begin to point fingers at each other. And that's a question of strategy. Rule 19 does not require him to join, and that was a strategic, and it turned out to be- Counsel, if we agree with your definition of judicial estoppel, what relief are you seeking from us? Vacate and remand back to Judge Buchwald? He has nothing better to do with that. The relief would be to vacate the order which grants judicial estoppel. That, of course, we don't win anything, quote, unquote. It goes back to the- To Judge Buchwald. And there could be more, there would be, I think, the case would proceed in two phases. One would be a typical civil proceeding in which the city would move to dismiss, perhaps under its argument that 2.07 is a complete defense. We obviously disagree with it. And then there are, of course, separate proceedings regarding the sanctions, and discovery may or may not proceed as those proceedings are continuing. So if that was a strategy which sounds bona fide, why did the attorney below make false representations to the court about the existence of the other action? Well, obviously, Your Honor, it would have been proper to have been- But what was the- I don't get it. If what he just told us was correct, how do you account for the false representation to the court? Well, there are filings in the lower court subsequent to this order in which plaintiff's counsel has laid out what happened and what he explains- Well, I mean, I looked at the cover sheet. The question could not be clearer. The importance of the question could not be clearer. There's a two-page document. Check the box, no. I am not- if I were looking at that cover sheet, if I were in that position, I certainly wouldn't- What was he aiming to do? His intent is not clear. One can infer it, but those are the matters of- What intention could he possibly have had other than to mislead the court? Well, his- the position he's taken below is that this was done by a more junior associate who was unaware- He signed it. You're in a tough position. I'm in a tough position, but I do want to- and I'm not disagreeing with you in any way, Judge Parker. What I'm trying to do is to at least pivot, I think, correctly into the point that those are matters of sanction. Because even if there was improper conduct, this court has said- I believe in the Ashmore case, if I get that case name right- that the purpose of judicial estoppel is not to punish the bad behavior. And, of course, this court has a strong policy in favor of resolution on the merits. There are very live sanctions proceeding. I know I'm repeating myself. But the elements of judicial estoppel simply do not exist here. And the bad behavior ultimately did not lead to any prejudice, even if that's only one of the three factors. And so I would respectfully request that you- What do you make of these false interrogatory aims? The initial- How do we counter it? What is- I just can't- I read this record. I looked at the proceedings. I don't understand what was going on. I don't understand what your predecessor was attempting to do here. If I can distinguish between the two cases for a moment, Your Honor. Which two? The Con Ed action and the city action. Actually, I agree. Why was the state court action filed and then immediately promptly abandoned? That was withdrawn on consent. Why? What was abandoned? That it was determined that it would be a faster proceeding if it was brought as diversity jurisdiction in federal court. But if I can address the two, answer your question, and separate for a minute the Con Ed action and the city action. In the Con Ed action, there was an initial interrogatory that said a notice of claim had been filed. But then, without prompting, a few weeks later, counsel did produce it. It had been an error before. There was no doubt that the city was on notice of that. There was no doubt that the city was on notice of that going into their deposition. They made their choice not to implead the city. And on that, there was no prejudice, certainly to Con Ed. And then as to the city, I cannot defend on this record. It's not my place to, respectfully, other than to acknowledge that the answers were not forthright. I don't understand how you could have expected to succeed on the theory. Given the theory that you pursued in action number one about the pothole in respect of the 12 inches or so around it. Yeah. If that theory was litigated, if there was a good faith basis for litigating that theory, I don't understand your theory that the city was also a liar. Well, that I think the case law does make clear, Your Honor. And the 2-07 is a maintenance requirement. Right. The owners of the covers or grading has the duty to maintain and to monitor and maintain. There is a separate common law duty of the city not to create or to negligently repair. And the cases we cite all discuss the fact that they're often dismissed under 2.07. But they note that there's also no proof that the city, whatever the defendant is, has been proof that they've shown they negligently created or negligently repaired. So those are two separate- Did your predecessor expect that the city wouldn't find out about the Con Ed suit? Did he expect? I think he knew for certain they would find out about it. Then why does he make all these misrepresentations? I can only recite to you what his response is in the lower court. I'm not sanctions counsel. We'll put you out of your misery, counsel. You've reserved two more minutes of misery. I guess the short answer is it's not in the record on appeal. There is a record docketed with respect to some of the submissions on the sanctions issue. We'll hear you on rebuttal. And Attorney O'Brien. Good morning, Your Honors. May it please the court, Lauren O'Brien for the city of New York. I'm going to start with the second factor for judicial estoppel, which is that the court or a court must adopt the position that was put forth in the prior proceeding. It is true that in the Second Circuit there's a general rule that settlement agreements generally aren't the basis for estoppel, but that's not a hard and fast rule. Wait, wait, wait. What do you mean it's not a hard and fast rule? So this court has explicitly recognized that estoppel in general is a flexible doctrine and the rules for estoppel are not to be applied mechanically. The Supreme Court held that? This court has. What case were you saying? Well, for example, in Simon v. Saffolik-Glass, I'm not sure if that was the case where it explicitly said. I think it was where it said that the rules are flexible and should not be applied mechanically. But estoppel was applied where the prior statement was made in a benefits application to an administrative body, so not in a court proceeding. And similarly, this court has applied estoppel where the prior proceeding was a bankruptcy discharge and where the prior proceeding involved an asset sale. Counsel, doesn't the general rule make sense that a settlement should not count as a judicial decision? It does make sense. And the reasons this court provided for that general rule make sense, and they are that generally an out-of-court private settlement agreement does not imply judicial endorsement of either of the parties' positions. And you don't have the chance of verdicts that disagree. That's right. But here, the district court properly looked to the specific factual circumstances to determine that under these unique facts that we have here, there was a proceeding in which a judge- Are they really unique? Are they really unique facts? You settle a case and you want to sue someone else after that. So, yes, Your Honor, they are. Typically, your typical run-of-the-mill settlement agreement is out-of-court and then is sort of approved by a court, and this is a case where there was a court-managed proceeding where the parties- They could have brought the settlement to the district court. She could have approved it, couldn't she have? They could have brought it. Right. This could have gone differently. They could have settled out-of-court and then brought it to the court afterwards. But that isn't really what we have here. Here we have a court that proposed the exact settlement amount that the parties settled for after- You mean the magistrate judge? Yes, it was a magistrate judge, Judge Aaron. And it was very clear what the premise for the lawsuit was. And the defect that caused the fall had to have been within this 12-inch area for Con Ed to be exclusively liable, and if the defect was anywhere else, there would be no basis for Con Ed's liability. But how was the theory in lawsuit number one plainly inconsistent in lawsuit number three? Yes, so in lawsuit number one against Con Ed, they gave a very specific account of the injury. They said as Francis Quinn was walking across the street, he caught his foot in a gas cap. Sometimes he says it was a hole attached to the gas cap. This was in the complaint? So in the complaint, he said he tripped over a utility box and that's it. He doesn't mention any sort of- In a crosswalk? In a crosswalk, yes. And the narrative you're giving us comes from where? It comes from a combination of the complaint, his answers to the interrogatories, his deposition. In his deposition, he said he twisted his foot against the hole attached or part of the raised gas cap. And then again, he says in the hole up against that raised gas cap. So how is that factually inconsistent with what he's arguing now? Right, so part of their assertion, it's sort of based on state law. The fact that the gas cap itself was owned and controlled by Con Ed and under state law- Well, let's start with factual inconsistency and then we can get to legal inconsistency, which is a more uncertain- Right. Factually- Right. And if it's not factually inconsistent, then that's the end of the story. Right. So I mean, he says he tripped on a gas cap and that Con Ed's negligent installation or repair of the gas cap was what caused him to fall. And then in the city suit- So at least the factual assertion is I tripped on a gas cap. Correct. Okay, so how is that inconsistent with what's being alleged here factually? So in the city suit, his complaint says he was caused to fall due to the defective and hazardous condition of the crosswalk and that New York City created and caused that dangerous condition. How is that factually inconsistent given that the gas cap is in the pothole? Right, right. So there's no mention, I'll just put out there, there's no mention of the gas cap. I get that. I get that and it's deceptive in that sense. I mean, there's no doubt it's different emphasis in one than in two. But your showing is harder than that and it can't be just that it's not mentioned. Right. It has to be that what's mentioned is- False. There's just no way to reconcile. And given that the gas cap is located in the pothole, how do we understand that to be factually inconsistent? Right. So I think you do have to look to, you have to look to state law to understand why, you know, in one case they're asserting Con Ed caused this injury to occur due to their maintenance and installation of this gas cap and their control of this 12 inch period. Right. It is sort of as a factual matter who is responsible for maintaining and repairing this area. So in some sense it's a legal issue, but I think it is also a factual assertion that Con Ed is the entity that is exclusively responsible for maintaining an area and for making repairs in that area. And then they move into this suit against the city and say sort of the exact same thing now, but against the city. And both just cannot be true. So in the same way that in New Hampshire versus Maine, which is one of the original Supreme Court cases, the question was about sort of ownership of a portion of a lake. That is both sort of a legal and a factual question. Who owns this half of the lake, of the river, and who owns the other half of the river? So I think we are in legal inconsistency land. So to support that, we have to make a holding, which I don't think we've said expressly before, that a legal inconsistency is sufficient for purposes of estoppel. And here the legal inconsistency is, I think then you still have to respond to the argument that it's not legally inconsistent because there is the 12-foot rule, but it didn't displace common law repair obligations that the city has. So as to the first, I do think that there are both factual and legal inconsistencies. And I think saying I tripped on a gas cap and then later saying I tripped on, I mean, he says in I tripped on it, so just to spell out, even though I didn't say, I tripped on a gas cap in a pothole. And here I tripped on a pothole. Those are not factually inconsistent, I think. Well, I think in the first he doesn't, he says I tripped on a gas cap. You know, he doesn't In a crosswalk. In a crosswalk. So how are you prejudiced about this? Turning to the third problem. How's the city prejudiced? Sure. So the Quinns here are seeking to recover twice for the same injury based on facts that are inconsistent. Based on theories that are inconsistent. But there may be, right, there may be two tort fevers here. There may be, I'm sorry, Judge? Two tort fevers. Both the Con Ed and the city may have caused this injury. Unless you get a set off, as Judge Parker mentioned. Right. So first, I guess I'll take the second part of your question first. The set off doesn't erase the possible detriment to the city because this party is still trying to recover twice for the same exact incident. Where under the law they should only really be able to recover one time. Then you'll win. Then you'll win. But I mean, I guess that goes to my second point. Well, the city would be forced to incur significant litigation costs, which on its own is a detriment. I'm sure it's not the first pothole case. It's definitely not the first pothole case, no. Those are expenses you would have incurred had you been sued in the first action, but in the second action. Correct, but we weren't sued in the first action. You consider yourself lucky on that. Maybe not as lucky on this. Yes. You have 13 seconds of viscerate remaining. Okay, so I did in the time remaining, I did just want to address the point that the city has some sort of affirmative obligation not to create some hazard. The common law obligation. A common law obligation. I just want to assert that that is not an obligation that is specific to the city. Everyone has an obligation not to affirmatively be negligent and cause injuries based on that. So that is not something that the city has an affirmative duty to show that it has not somehow affirmatively created some hazard. Thank you, counsel. Thank you. We gave you a hard time, but that's our job. Mr. Farmer, two minutes and we're going to hold you to it. I'm glad the court made those the less miserable. Equal misery. Equal misery. Just a couple of quick points here. I don't even know that he said he tripped on the gas cap. That's the quote from the district court's opinion. But if we included the full transcript, he doesn't say that. But in any event, any inconsistency. Well, no, that's what the complaint does. The complaint indicates, well, his testimony, which is what the factual statement is. But in any event, I think the court understands it's very close in statement. And if they want a perfect risk for cross-examination, but it's not an irreconcilable difference. In terms of setoff, the people, I have some criminal law background as well. The city doesn't even address the 1508 in its papers, and that's absolutely clear. They get a setoff of the greater of the $2.5 million or the proportionate share of fault of Con Ed. So they actually can get a greater benefit. Third is they are perfectly under Rule 19 and Temple, the Supreme Court case. It's absolutely clear that they can bring this in two separate actions. It happens, not infrequently. And in terms of the overlap, the 207 and the common law, we didn't hear any case law to support that distinction. The fact that they can overlap to the extent that there is, it's certainly an issue that's more appropriately decided on a motion, either 12B6 or a motion for summary judgment. I think that the city would have the opportunity to make those. Council, can I just briefly, there is the Supreme Court case in New Hampshire versus Maine, which talks about a flexible approach here. And I'm just, I mean, given that I think there's no doubt in the sanction process bears this out, that something quite shady happened here and it feels, it does feel like it implicates misrepresentations to the court and involving the court with those misrepresentations in something that is not what our court system is for. And I appreciate that. And again, I repeated myself that that's an appropriate issue for sanctions. But this court after Maine has said repeatedly that the purpose of judicial estoppel is not to punish the bad behavior. The purpose of judicial estoppel, it requires those first two elements. And to the extent that there's discretion, what this court has said, and the Clark case, which is cited in our brief, says that the discretion usually comes after those first two elements, the inconsistency and the adoption. And at that point, the court has some discretion in terms of determining whether there was actually prejudice. And in terms of the Simon case, which is the only case that my adversary has cited on this, their citation to that in the brief is not to that same point, that there's this flexibility after New Hampshire. I believe it predates. But it also says that, if I could just direct the court to the citation 128 F3rd 68. I think it actually, it says that Bates nonetheless holds that settlement is not a proper predicate for the application of the adoption. Thank you. Before you sit down, remind me, your predecessor, the lawyer below, was who? Was. Who's the lawyer below? His name is Joseph Napoli from Napoli Skolnick. All right. Thank you both. Thank you both. This case and all cases on today's calendar are submitted and taken under divide. We will adjourn. Court is adjourned.